UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANICE EVANS,<br><br>    Plaintiff,<br> v.<br>H.K.N., IV, LLC, ET AL.,<br>    Defendants. | Case No.: 10-CV-5752-PSG<br><br>**ORDER GRANTING DEFENDANT DENNY'S, INC.'S MOTION TO DISMISS**<br><br>**(Re: Docket No. 68)** |

  Defendant Denny's, Inc. ("Denny's") moves to dismiss based on Plaintiff Janice Evans' ("Evans") failure to comply with General Order 56 ("GO 56") and other orders by the undersigned. Evans opposes the motion. On January 24, 2012, the parties appeared for hearing. Based on the arguments presented by counsel at the hearing and in their papers, the motion to dismiss is GRANTED.

  Evans is physically disabled and requires the use of a wheelchair. She encountered numerous barriers of access at certain establishments within an outdoor shopping mall located at 1001-1069 East Capitol Expressway in San Jose (the "Shopping Center") and has alleged violations of the Americans with Disabilities Act of 1990. The various establishments of public accommodation at the Shopping Center include Denny's.

  Before naming Denny's as a defendant in the action, Evans contacted Denny's to determine whether it was a company-owned restaurant or a franchise. After Denny's confirmed to Evans that

it was a company-owned restaurant, the parties undertook efforts to settle the action. Their efforts proved unsuccessful and on April 5, 2011,[1] Evans named Denny's as a defendant in the second amended complaint.

Whenever a plaintiff in this district asserts a violation of Title II or III of the ADA, GO 56 applies. Under the plain terms of GO 56, a joint site inspection is a prerequisite to mandatory mediation. Based on the filing date of the second amended complaint, an inspection was to have occurred no later than July 14, 2011. A few weeks later, the court issued an order to show cause because Evans had not filed a Notice of Need for Mediation indicating that the joint site inspections had been completed.[2] In response to the order to show cause, Evans requested additional time.[3] Through her counsel, Evans noted that there were seven defendants in the action and represented that she was undertaking diligent efforts to resolve the action or conduct site inspections with each of them.[4] Evans also represented that she had either calendared any pending site inspection or had planned to schedule another joint site inspection imminently.[5] Based on Evans' request and her representations, the court dissolved the order to show cause and ordered her to file a Notice of Need for Mediation no later than August 31, 2011.[6] On August 29, 2011, Evans finally filed her Notice of Need for Mediation and declared unequivocally that "joint site inspections have been conducted in this matter."[7]

Denny's claims that this representation is false and that it so advised Evans.[8] According to Denny's, a joint site inspection of its restaurant never occurred and Evans did not respond

---

[1] *See* Docket No. 40.

[2] *See* Docket No. 61 ("If within 45 days from the joint inspection and review, the parties cannot reach an agreement on injunctive review, or cannot settle the damages and fees claims, plaintiff shall file a 'Notice of Need for Mediation'").

[3] *See* Docket No. 62.

[4] *See id.*

[5] *See id.*

[6] *See* Docket No. 63.

[7] *See* Docket No. 65.

[8] *See* Docket No. 70.

2
Case No.:  C 10-5752 PSG
ORDER

whatsoever to any of its inquiries regarding the inaccessible conditions there.[9] Because Evans never requested a joint site inspection, did not comply with this court's order, and misrepresented her compliance to the court, Denny's urges the action against Denny's ought to be dismissed with prejudice.

Evans disputes that she failed to contact Denny's for a joint site inspection. More importantly, Evans also disputes that she made any misrepresentations to the court because in the Notice of Need for Mediation, she stated accurately that "joint site inspections have been conducted in this matter." Evans notes that that her notice does not state that "***all*** joint site inspections" have taken place, referring to the fact that she did complete joint inspections with other defendants. Evans finally notes that dismissal of the action is a drastic remedy that is especially inappropriate where, as here, the failure to complete a joint site inspection is as much Denny's fault as hers.

The court respectfully disagrees. Evans's counsel is well-familiar with the requirements set forth in GO 56 since both she and her law firm file many actions in this district alleging violations of the ADA. GO 56 clearly contemplates that a joint site inspection is a condition precedent to filing a "Notice of Need for Mediation." When Evans filed the "Notice of Need of Mediation," she plainly represented to the court that all joint site inspections required under GO 56 had occurred and that any remaining parties were unable to reach a resolution of plaintiff's claims. Indeed, that was the whole point of the show cause order. While the court is cognizant of the challenges involved in prosecuting cases with numerous parties, parsing words to justify an expedient response to a court order does not meet the standard of conduct expected from a member of the bar of this court. Civ. L.R. 11-4(a)(4) specifically requires that a member of the bar "[p]ractice with honesty, care and decorum required for the fair and efficient administration of justice."

In light of counsel's misrepresentations, dismissal of the whole case is warranted. While the court is reluctant to penalize Evans for the conduct of her counsel, Denny's – to say nothing of the court in relying upon the word of an officer of the court -- has been prejudiced by the lack of honesty here and the fair and efficient administration of justice. No later than March 6, 2011,

---

[9] *See id.*

3

Case No.: C 10-5752 PSG
ORDER

1  Evans also shall pay Denny's attorneys' fees for this motion, including the fees and costs incurred
2  in attending the hearing.[10]
3  **IT IS SO ORDERED.**
4  Dated: 2/10/2012

                                                _____
                                                PAUL S. GREWAL
                                                United States Magistrate Judge

---

[10] *See* Fed. R. Civ. P. 16(f)(2).

Case No.: C 10-5752 PSG
ORDER

4