1
2
3
4
5
6
7
8     UNITED STATES DISTRICT COURT
9     NORTHERN DISTRICT OF CALIFORNIA
10     SAN JOSE DIVISION

11   JANICE EVANS,                                    )   Case No.: 10-CV-5752-PSG
                                                      )
12                             Plaintiff,             )   **ORDER GRANTING DEFENDANT**
             v.                                       )   **DENNY'S, INC.'S MOTION TO**
13                                                    )   **DISMISS**
     H.K.N., IV, LLC, ET AL.,                         )
14                                                    )   **(Re: Docket No. 68)**
                               Defendants.            )
15   _____ )
16

17          Defendant Denny's, Inc. ("Denny's") moves to dismiss based on Plaintiff Janice Evans'

18   ("Evans") failure to comply with General Order 56 ("GO 56") and other orders by the undersigned.

19   Evans opposes the motion.  On January 24, 2012, the parties appeared for hearing. Based on the

20   arguments presented by counsel at the hearing and in their papers, the motion to dismiss is

21   GRANTED.

22          Evans is physically disabled and requires the use of a wheelchair. She encountered

23   numerous barriers of access at certain establishments within an outdoor shopping mall located at

24   1001-1069 East Capitol Expressway in San Jose (the "Shopping Center") and has alleged

25   violations of the Americans with Disabilities Act of 1990. The various establishments of public

26   accommodation at the Shopping Center include Denny's.

27          Before naming Denny's as a defendant in the action, Evans contacted Denny's to determine

28   whether it was a company-owned restaurant or a franchise. After Denny's confirmed to Evans that

1

**United States District Court**
For the Northern District of California

it was a company-owned restaurant, the parties undertook efforts to settle the action. Their efforts proved unsuccessful and on April 5, 2011,[1] Evans named Denny's as a defendant in the second amended complaint.

Whenever a plaintiff in this district asserts a violation of Title II or III of the ADA, GO 56 applies. Under the plain terms of GO 56, a joint site inspection is a prerequisite to mandatory mediation. Based on the filing date of the second amended complaint, an inspection was to have occurred no later than July 14, 2011. A few weeks later, the court issued an order to show cause because Evans had not filed a Notice of Need for Mediation indicating that the joint site inspections had been completed.[2] In response to the order to show cause, Evans requested additional time.[3] Through her counsel, Evans noted that there were seven defendants in the action and represented that she was undertaking diligent efforts to resolve the action or conduct site inspections with each of them.[4] Evans also represented that she had either calendared any pending site inspection or had planned to schedule another joint site inspection imminently.[5] Based on Evans' request and her representations, the court dissolved the order to show cause and ordered her to file a Notice of Need for Mediation no later than August 31, 2011.[6] On August 29, 2011, Evans finally filed her Notice of Need for Mediation and declared unequivocally that "joint site inspections have been conducted in this matter."[7]

Denny's claims that this representation is false and that it so advised Evans.[8] According to Denny's, a joint site inspection of its restaurant never occurred and Evans did not respond

---

[1]  *See* Docket No. 40.

[2]  *See* Docket No. 61 ("If within 45 days from the joint inspection and review, the parties cannot reach an agreement on injunctive review, or cannot settle the damages and fees claims, plaintiff shall file a 'Notice of Need for Mediation'").

[3]  *See* Docket No. 62.

[4]  *See id.*

[5] *See id.*

[6]  *See* Docket No. 63.

[7] *See* Docket No. 65.

[8] *See* Docket No. 70.

2

Case No.:  C 10-5752 PSG
ORDER

1    whatsoever to any of its inquiries regarding the inaccessible conditions there.[9] Because Evans

2    never requested a joint site inspection, did not comply with this court's order, and misrepresented

3    her compliance to the court, Denny's urges the action against Denny's ought to be dismissed with

4    prejudice.

5             Evans disputes that she failed to contact Denny's for a joint site inspection. More

6    importantly, Evans also disputes that she made any misrepresentations to the court because in the

7    Notice of Need for Mediation, she stated accurately that "joint site inspections have been

8    conducted in this matter." Evans notes that that her notice does not state that "***all*** joint site

9    inspections" have taken place, referring to the fact that she did complete joint inspections with

10   other defendants. Evans finally notes that dismissal of the action is a drastic remedy that is

11   especially inappropriate where, as here, the failure to complete a joint site inspection is as much

12   Denny's fault as hers.

13            The court respectfully disagrees. Evans's counsel is well-familiar with the requirements set

14   forth in GO 56 since both she and her law firm file many actions in this district alleging violations

15   of the ADA. GO 56 clearly contemplates that a joint site inspection is a condition precedent to

16   filing a "Notice of Need for Mediation." When Evans filed the "Notice of Need of Mediation," she

17   plainly represented to the court that all joint site inspections required under GO 56 had occurred

18   and that any remaining parties were unable to reach a resolution of plaintiff's claims. Indeed, that

19   was the whole point of the show cause order. While the court is cognizant of the challenges

20   involved in prosecuting cases with numerous parties, parsing words to justify an expedient

21   response to a court order does not meet the standard of conduct expected from a member of the bar

22   of this court. Civ. L.R. 11-4(a)(4) specifically requires that a member of the bar "[p]ractice with

23   honesty, care and decorum required for the fair and efficient administration of justice."

24            In light of counsel's misrepresentations, dismissal of the whole case is warranted. While the

25   court is reluctant to penalize Evans for the conduct of her counsel, Denny's – to say nothing of the

26   court in relying upon the word of an officer of the court -- has been prejudiced by the lack of

27   honesty here and the fair and efficient administration of justice. No later than March 6, 2011,

28
─────────────────────────────
[9]  *See id.*

Case No.:  C 10-5752 PSG
ORDER

United States District Court
For the Northern District of California


Evans also shall pay Denny's attorneys' fees for this motion, including the fees and costs incurred in attending the hearing.[10]

**IT IS SO ORDERED.**

Dated:    2/10/2012

_____

PAUL S. GREWAL
United States Magistrate Judge

United States District Court
For the Northern District of California

---

[10] *See* Fed. R. Civ. P. 16(f)(2).

4

Case No.:  C 10-5752 PSG
ORDER